# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 2280 | DATE | 12/13/2000 |
| CASE TITLE | TONYA HARDISON vs. GALAXY RECOVERY SYSTEMS INC.,et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss[4-1] is granted in part and denied in part. Status hearing set for 01/03/01 at 9:30a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | DEC 1 4 2000 | 8 |
| | Notices mailed by judge's staff. | date docketed | |
| | Notified counsel by telephone. | docketing deputy initials | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 DEC 13 PM 3:30 | date mailed notice |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TONYA HARDISON,

      Plaintiff,

v.

GALAXY RECOVERY SYSTEMS INC., and HUBERT JOHNSON,

      Defendants.

No. 00 C 2280
Judge Ronald A. Guzman

**DOCKETED**
**DEC 1 4 2000**

## MEMORANDUM OPINION AND ORDER

Pending is Defendants Galaxy Recovery Systems, Inc. and Hubert Johnsons' motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below this motion is granted in part and denied in part (# 4-1).

## BACKGROUND FACTS

Plaintiff brought a five count complaint against Defendants. Counts I and III allege various Title VII claims. Count II sets forth a claim for constructive discharge. Counts IV and V allege state law claims of assault, battery, and false imprisonment directed at the individual Defendant Hubert Johnson. Defendants have moved for dismissal of Counts IV and V for lack of subject matter jurisdiction pursuant to the Illinois Supreme Court's holding in *Geise v. The*

1



*Phoenix Company of Chicago,* 159 Ill. 2d 507, 203 Ill. Dec. 454, 639 N.E. 2d 1273 (1994).

## DISCUSSION

A motion to dismiss tests the sufficiency of the complaint, not the merits of the law suit. *Gibson v. City of Chicago,* 910 F. 2d 1510, 1520 (7th Cir. 1990). Therefore, the court accepts as true all well-pleaded factual allegations and draws all inferences in favor of plaintiff. *Zinerman v. Burch,* 494 U.S. 113, 118 (1990). The court will dismiss a claim only if "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of her claim which would entitle [her] to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 785 Ct 99, 101, LL.ED.2d 80 (1957).

Defendants argue that Plaintiff's assault and battery and false imprisonment claims against Johnson are preempted by the Illinois Human Rights Act. 775 ILCS 5/8-111(C). Employment discrimination, including sexual harassment and retaliation, are included under the IHRA's definition of a "civil rights violation." See 775 ILCS 5/1-101; 775 ILCS 5/1-101A; 775 ILCS 5/1-102(D). Under Illinois law, when the allegations on which a state law tort is based constitute a civil rights violation under the Illinois Human Rights Act (IHRA), the tort is preempted. *Id.*

The Illinois Supreme Court has held that, under the IHRA, courts lack subject matter jurisdiction to hear tort claims that are "inextricably linked" to civil rights violations under 775 ILCS 5/8-111(C). *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E. 2d 1273, 1277 159 Ill.2d 507, 203 Ill. Dec 954 (Ill. 1977). In *Geise,* the plaintiff alleged "negligent hiring" and "negligent retention" where the defendant employer should have known that the harassing employee had engaged in sexual harassment in previous jobs and had previously been terminated for sexual harassment. The court dismissed the claim for lack of subject matter jurisdiction, reasoning that

2

"absent the allegations of sexual harassment, [the plaintiff] would have had no independent basis for imposing liability." *Id.* at 1277. Because the plaintiff's tort claims necessarily depended on the allegations of sexual harassment, the court held that the tort claims were inextricably linked to civil rights violations under IHRA.

The Illinois Supreme Court clarified its position on this issue shortly after *Geise* in *Maksimovic v. Tsogalis,* 687 N. E. 2d 21 177 Ill.2d 511, 227 Ill. Dec.98 (Ill. 1997). In *Maksimovic*, the court held that the plaintiff alleged facts were sufficient to establish the elements of certain torts because the "sexual harassment aspect of the case [was] merely incidental to what are otherwise ordinary common law tort claims." 687 N.E. 2d at 24. The same facts that gave rise to the civil rights violation gave rise to the common law torts claims. The court explained that "[t]he rule from *Geise* is not that the Act precludes the circuit court from exercising jurisdiction over all tort claims related to sexual harassment. " *Id.* Rather, the IHRA only preempts tort claims which are "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Id.* But where a "plaintiff has alleged the element of [a tort] without reference to the legal duties created by the Act, she has established a basis for imposing liability on the defendants independent of the Act." *Id.* Therefore, courts have jurisdiction over such a claim. *Id.*

Defendants assert that Plaintiff's state law claims of assault, battery, and false imprisonment are based solely on the allegations that Defendants sexually harassed Plaintiff. Because such discrimination is prohibited by the IHRA, they claim that Plaintiff's claims are essentially ones for sexual harassment under the IHRA and should have been brought before the Illinois Human Rights Commission. Predictably, Plaintiff's response is that the allegations in

3

her state law claims are not "inextricably linked" to the sexual harassment discrimination. Plaintiff refers the Court to paragraphs 19 and 20 claiming that these paragraphs set forth independent facts which independently support her state law claim.

To avoid the jurisdictional bar of the IHRA, Plaintiff must allege the elements of assault and battery without reference to any legal duties created by the IHRA. Under Illinois law, a battery can be committed by causing bodily harm or "making physical contact of an insulting or provoking nature." See *Jenkins v. Nelson,* 157 F. 3d 485, 497 (7th Cir.. 1998); 720 ILCS 5/12-3 (1994). An assault is properly alleged by facts which show that defendant attempt to commit a battery or by committing some act that puts another in reasonable apprehension of bodily harm. 720 ILCS 5/12-1.

Paragraph 19 provides "[t]hat one week prior to Plaintiff's resignation, she was in a meeting with JOHNSON when be began to state Roses are red, violets are blue, and I have been waiting two weeks to do this to you". "Plaintiff started to leave JOHNSON's office when he placed himself in front of the door, blocking it and preventing Plaintiff from leaving." "JOHNSON then grabbed and kissed Plaintiff on the mouth and ran his hand up her skirt, all at the same time." Paragraph 20. Plaintiff has sufficiently established the elements of both an assault and battery in her complaint. These allegations sufficiently establish the elements of these common law torts, independent of any legal duty imposed by the IHRA. If plaintiff removed all allegations of discrimination from her complaint, the assault and battery torts would remain fully intact because they do not "depend on the prohibitions' against [sex] discrimination for its survival." Therefore, the exclusivity provision of the IHRA does not preempt Plaintiff's assault and battery claims against Johnson, and the motion to dismiss Count IV is denied.

Count V of Plaintiff's complaint alleges that Johnson falsely imprisoned Plaintiff. As support for Plaintiff's claim of false imprisonment Plaintiff alleges the following: [Johnson's] conduct in blocking Plaintiff's exit from his office for the purpose of grabbing and kissing her amounts to false imprisonment, humiliation, embarrassment and severe emotional distress. This count contains no additional allegations that can be concluded to stand apart from the alleged sexual harassment and fails to establish that plaintiff has satisfied the elements of false imprisonment. Because they are "inextricably linked" to plaintiffs' sexual harassment claims *Geise* preempts them. Accordingly, Defendants motion to dismiss Count V is granted.

## CONCLUSION

For the reasons set forth above defendants' motion to dismiss is granted in part and denied in part (# 4-1).

SO ORDERED

ENTERED:

HON. RONALD A. GUZMAN
United States Judge