Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2280 | **DATE** | 12/3/2001 |
| **CASE TITLE** | TONYA HARDISON vs. GALAXY RECOVERY SYSTEMS, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion for damages is granted in the amount of $33,500 against defendant Galaxy Recovery Systems, Inc. $5,000 is hereby awarded in compensatory damages against Defendants Hubert and Galaxy Recovery, Inc. Attorneys' fees and costs are hereby awarded in the amount of $14,947.50 against both defendants. This is a final and appealable order. This case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | DEC 0 4 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 20 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | DEC 0 4 2001 | |
| | | | date mailed notice | |
| TBK | courtroom deputy's initials | DEC -3 PM 5: 13  Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONYA HARDISON, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| | ) No. 00 C 2280 |
| v. | ) Judge Ronald A. Guzman |
| | )<br>) |
| GALAXY RECOVERY SYSTEMS INC.,<br>and HUBERT JOHNSON, | )<br>)<br>)<br>) |
| Defendants. | ) |



## MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiff Tanya Hardison's request for damages as a result of the sexual harassment and assault and battery Plaintiff was subjected to while employed by the Defendants. Plaintiff also seeks attorney's fees and costs. For the reasons set forth below Plaintiff' damages are granted in part and denied in part. Plaintiff's motion for attorney's fees and costs is also granted.

## BACKGROUND FACTS

Plaintiff brought a five count complaint against Defendants. Counts I and III alleged various Title VII claims. Count II set forth a claim for constructive discharge. Counts IV and V alleged state law claims of assault, battery, and false imprisonment directed at the individual

1

Defendant Hubert Johnson.

On December 13, 2000 this Court denied Defendants' motion to dismiss the complaint in its entirety but granted the motion as to Count V. On January 18th, 2001 Defendants' attorneys withdrew their representation of Defendants. Defendants were advised to get new counsel. On April 9, 2001 this Court granted Plaintiff's motion for default judgment against both Defendants. A prove up hearing regarding Plaintiff's damages was held on September 21, 2001.

## A. Plaintiff's Damages

Plaintiff's undisputed testimony reveals that Plaintiff became employed by Defendants in June of 1998. Plaintiff was hired by Defendant Hubert Johnson, President of Galaxy Recovery Systems. The sexual harassment Plaintiff was subjected to began her first or second day of work and took place day in and day out. Defendant Johnson would make comments to Plaintiff such as you look good today, you look nice today, your lips are very soft today, your legs look nice today as well as other comments. Defendant Johnson also wrote poems to Plaintiff and asked Plaintiff out. One day Plaintiff was called into Defendant Johnson's office and after reciting a poem to Plaintiff stopped Plaintiff from leaving his office, kissed her on the mouth and put his hands up her skirt.

Plaintiff subsequently complained to both the office manager and the supervisor of Defendant Galaxy Recovery Systems but nothing was done. Plaintiff was embarrassed by Defendant Johnson's harassment, could not sleep, her temperament became short with her children and [Johnson] made her feel really, really sick. Plaintiff continued coming to work out of financial necessity but quit on June 28, 1998 approximately three weeks after her start date because "[she] couldn't take it".

2

On the Title VII counts Plaintiff requested $33,500 (two years of back pay and lost wages as well as the differential between her salary at Galaxy Recovery and her new job) and fifty thousand dollars in compensatory damages. Plaintiff also seeks $50,000 under Illinois law for the assault and battery Plaintiff was subjected to.

The testimony at the prove-up hearing establishes that Plaintiff's salary was approximately $26,000 per year. Plaintiff also seeks eleven months of pay differential between twenty-six thousand and twenty thousand which totals fifty-five hundred dollars. Plaintiff's request for $33,500 in back pay and front pay these damages is hereby awarded in light of Plaintiff's undisputed testimony.[1] [Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e te seq., awards fees to prevailing civil rights plaintiffs. 42 U.S.C. § 2000e-5(k)]. Based on Plaintiff's salary and commissions promised by Defendants Plaintiff has established that she is entitled to back pay and front pay damages in the amount of $33,500. As to Plaintiff's request for compensatory damages in the amount of $50,000 under both Title VII and Illinois law we award Plaintiff $5,000. The record reveals that while Plaintiff did suffer some mental distress as a result of Defendants sexual harassment and assault in Hubert's office Plaintiff has not established that the pain and suffering she experienced warrants the award of $50,000. To be sure, no man or woman should be subjected to the unwelcome conduct Plaintiff was subjected to but the evidence simply does not warrant damages in the amount of $50,000. Plaintiff did not seek medical attention of any kind nor was there any evidence of any substantial impairment in her ability to function at work or at home. Therefore, Plaintiff is granted $5,000 in compensatory

---

[1] Plaintiff requested prejudgment interest at the time of her prove-up but no evidence was presented as to amount sought.

3

damages.

**B. Attorney Fees and Costs**

In determining the amount of attorney's fees and cost to award to counsel for the prevailing party, the burden is on the party seeking the award to substantiate the hours worked and the rate claimed. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983). The district court must review the fee petition and has the discretion to increase or decrease the amount in light of the twelve factors. These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 429-30 n. 3, 103 S. Ct. at 1937-38 n.3. In analyzing the fee request, the most critical factor is the degree of success obtained. *Id. at* 436, 103 S. Ct. at 1941.

To determine a reasonable fee award, the court must calculate a "lodestar figure," which is the hours reasonably spent on the case multiplied by each attorney's reasonable hourly rate. *Hensley,* 461 U.S. at 433. Calculating the lodestar entails eliminating all hours claimed that are either not "reasonably expended" or "inadequately explained." *Spanish Action Comm. Of Chicago v. City of Chicago,* 811 F. 2d 1129, 1138 (7th Cir. 1987). Thereafter, the Court must adjust the lodestar to reflect the results obtained.

It is undisputed that the prevailing party in this case is the Plaintiff. Plaintiff's counsel submits that his usual and customary hourly rate is $285 per hour, and the usual and customary hourly rate of his paralegals is $100 per hour. Plaintiff's counsel has been a member of the federal trial bar since 1992 and has been practicing employment discrimination law since that time. His fee certainly appears reasonable in light of counsel's experience. Furthermore, the $100 per hour paralegal rate appears reasonable. As to the number of hours incurred by counsel a review of the petition reveals them to be reasonable (70.40). Thus, Plaintiff's counsel is awarded $14,947.50 in fees and costs.

## CONCLUSION

For the reasons set forth above Plaintiff's motion for damages is granted in the amount of $ 33,500 against Defendant Galaxy Recovery Systems, Inc. $5,000 is hereby awarded in compensatory damages against Defendants Hubert and Galaxy Recovery, Inc. Attorneys' fees and costs are hereby awarded in the amount of $14,947.50 against both Defendants( #19-1). This is a final and appealable order. This case is terminated.

SO ORDERED 12/3/01

ENTERED:

HON. RONALD A. GUZMAN
United States Judge